Stuart Thomas, Chief of Police Little Rock Police Department
700 West Markham Little Rock, Arkansas 72201-1329
Dear Chief Thomas:
You have requested my opinion regarding the Arkansas Freedom of Information Act ("FOIA"). The basis for your request is A.C.A. § 25-19-105(c)(3)(B)(i) (Supp. 2009), which authorizes the custodian, requester, or the subject of personnel, employee evaluation, or job performance records to seek an opinion from this office stating whether the custodian's decision regarding the release of such records is consistent with the FOIA.
Your letter indicates that you received (what appears to be) an unsolicited complaint about the conduct of one of your officers. After receiving the complaint, you ordered the Internal Affairs Division to open an investigation into the circumstances that gave rise to the complaint. Someone has requested the complaint, which you received via e-mail. You refused to release the complaint because you have determined that (1) the complaint is classified as an employee evaluation record and (2) the test for the release of the record is not met. You ask whether these two decisions are consistent with the FOIA.
RESPONSE
My statutory duty is to state whether the decision of the custodian of records is consistent with the FOIA. In my opinion, for the reasons explained below, your decision is not consistent with the FOIA. As this office has long held, unsolicited complaints against public employees are personnel records, not employee evaluations. Thus, your first decision is not consistent with the FOIA, in my opinion. Consequently, your second decision is also not consistent with the FOIA, *Page 2 
because your mischaracterization of the record led you to apply the test for the release of employee evaluation records rather than the test for the release of personnel records. When the test for the latter is applied, in my opinion, the complaint should be disclosed.
DISCUSSION
A document must be disclosed in response to a FOIA request if all three of the following elements are met. First, the FOIA request must be directed to an entity subject to the act. Second, the requested document must constitute a public record. Third, no exceptions allow the document to be withheld.
The first two elements appear met in this case. As for the first element, the documents are held by the Little Rock Police Department, which is a public entity. As for the second element, the FOIA defines "public records" as:
 writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.[1]
In my opinion, based on my review of the complaint taken together with this office's position that unsolicited complaints are personnel records, the complaint is a public record.
With the first two elements met, the complaint must be released unless some exemption shields it from disclosure. As I indicated in 2008, this office has long held that unsolicited complaints are personnel records, not employee evaluation records: *Page 3 
 [C]omplaints about employees and that are unsolicited by the employer constitute personnel records, rather than employee evaluation/job performance records. See, e.g., Ops. Att'y Gen. Nos. 2001-028, 2000-058, 2000-231. This classification is in contrast to the classification of documents that are generated by an employer as a part of an investigation into the conduct of an employee, which I have held to constitute employee evaluation/job performance records. I have consistently opined that an unsolicited complaint about an employee does not constitute an "employee evaluation/job performance record" and therefore is not entitled to the exemption that is sometimes available for such records. See
A.C.A. § 25-19-105(c)(1); Op. Att'y Gen. Nos. 2000-175, 2000-166, 99-026. . . . Rather, an unsolicited complaint document . . . must be evaluated under the standard for the release of personnel records.[2]
Further, as I also stated in 2008, the rationale for the employee evaluation exemption does not encompass unsolicited complaints:
 Unsolicited citizen complaints are not created by the employer to evaluate job performance. They thus do not come within the rationale behind the A.C.A. § 25-19-105(c)(1) exemption for "employee evaluation or job performance records," which is to allow supervisors to be candid in assessing employee performance and to identify weaknesses with an eye toward fostering improvement. See, e.g., Op. Att'y Gen. 2006-007, citing Op. Att'y Gen. 2005-074 and Watkins, THE ARKANSAS FREEDOM OF INFORMATION ACT (m m Press).[3]
Therefore, in my opinion your decision to classify the complaint as an employee evaluation record is not consistent with the FOIA. Accordingly, your subsequent decision refusing to release the document is also not consistent with the FOIA because it applies the wrong test. *Page 4 
The correct test to apply when analyzing whether this complaint should be released is the one for personnel records. If a document is a "personnel record," the document is open to public inspection and copying except "to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy."[4] While the FOIA does not define the phrase "clearly unwarranted invasion of personal privacy," the Arkansas Supreme Court, in Young v.Rice, [5] has construed the phrase. According to Young, to determine whether the release of a personnel record would constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The test weighs the public's interest in accessing the records against the individual's interest in keeping the records private.[6] The balancing takes place with a thumb on the scale favoring disclosure. To aid in conducting the balancing test, the Arkansas Supreme Court elucidated a two-step approach. First, the custodian must assess whether the information contained in the requested document is of a personal or intimate nature such that it gives rise to greater than de minimus
privacy interest.[7] If the privacy interest is merely deminimus, then the thumb on the scale favoring disclosure outweighs the privacy interest. Second, if the information does give rise to a greater than de minimus privacy interest, then the custodian must determine whether that interest is outweighed by the public's interest in disclosure.[8] Because the exceptions must be narrowly construed, the person resisting disclosure bears the burden of showing that, under the circumstances, his privacy interests outweigh the public's interests.[9] The fact that the subject of any such records may consider release of the records an unwarranted invasion of personal privacy is irrelevant to the analysis because the test is objective.[10] *Page 5 
Whether any particular personnel record's release would constitute a clearly unwarranted invasion of personal privacy is always a question of fact.[11] From the face of the complaint, I do not see any reason to think that its release would rise to the level of a "clearly unwarranted invasion of personal privacy."
In summary, in my opinion, your decision to classify the complaint as an employee evaluation is inconsistent with the FOIA, which decision led you to apply the incorrect test for release. The complaint, in my opinion, constitutes a personnel record, which means it must be released unless doing so causes a "clearly unwarranted invasion of personal privacy." I see no reason to think that the release of the complaint would rise to that level.
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] A.C.A. § 25-19-103(5)(A) (Supp. 2009).
[2] Op. Att'y Gen. No. 2008-064, at 5.
[3] Id., at 6.
[4] A.C.A. § 25-19-105(b)(12) (Supp. 2009).
[5] 308 Ark. 593, 826 S.W.2d 252 (1992).
[6] See Young, 308 Ark. 593, 826 S.W.2d 252.
[7] Id. at 598, 826 S.W.2d at 255.
[8] Id., 826 S.W.2d at 255.
[9] Stilley v. McBride,332 Ark. 306, 313, 965 S.W.2d 125, 128 (1998).
[10] E.g. Op. Att'y Gen. Nos. 2001-112, 2001-022, 94-198.
[11] Op. Att'y Gen. Nos. 2006-176, 2004-260, 2003-336, 2003-201, 98-001.